527 So.2d 376 (1988)
Karen S. ROUSSELLE, et al.
v.
PLAQUEMINES PARISH SCHOOL BOARD, et al.
No. 88 C 1080.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1988.
Darryl W. Bubrig, Sr., Dist. Atty., Pointe-A-La-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, William A. Roe, Belle Chasse, for respondent.
Before SCHOTT, KLEES and PLOTKIN, JJ.
*377 PLOTKIN, Judge.
The trial court's issuance of a permanent mandatory injunction ordering and commanding the defendants to allow the plaintiff, Dani Leigh Rousselle, to participate in cheerleader try-outs at Belle Chasse High, despite the fact that she does not meet the minimum 1.6 grade point average requirement, was improper. The record indicates that the establishment of the minimum grade point average requirement is a proper exercise of the school's right to supervise the extra-curricular activities it sponsors.
The plaintiffs' argument that the 1.6 minimum grade point average requirement violates the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and Art. I, Section 3 of the Louisiana Constitution of 1974 because the minimum requirement for participation in team sports is only 1.5 is without merit. The Equal Protection Clause guarantees equal treatment only to those who are similarly situated. When no fundamental rights are involved, classifications which are not suspect, such as the classification between cheerleaders and team sport players here, are allowed so long as they are "rationally related" to any legitimate state purpose and are uniformly applied.
Defendants claim that the minimum grade point average requirement is designed to promote academic excellence. Certainly, this is a legitimate purpose. Additionally, the classification imposed here, which prohibits students who do not achieve at least a 1.6 average on a 4.0 scale from participation in cheerleading is rationally related to that legitimate purpose. Obviously, students who value the opportunity to participate in cheerleading will exert extra effort to meet the requirements.
Also without merit is the plaintiffs' argument that the requirement results in improper, non-uniform application of rules in violation of the Equal Protection guarantee because team sports members are subject to different requirements. The school has adopted the minimum 1.5 grade point average guarantee established by the Louisiana High School Athletic Association for those sports subject to the requirements of the association. Cheerleading is not subject to those requirements, leaving establishment of minimum requirements for participation in cheerleading to the individual schools in the same manner other extra-curricular activities are subject to supervision by individual schools. Since all students wishing to participate in cheerleading, the only activity at issue here, are subject to the requirement, it is uniformly applied as required by equal protection guarantees.
Accordingly, the judgment of the trial court is reversed and the injunction is dissolved.